IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                Plaintiff,

v.                                               OPINION and ORDER

CARL A. NELSON AND                                 23-cv-58-wmc[1]
COMPANY,

                Defendant.

---

Pro se plaintiff Joseph Zloza is suing his employer alleging that he was harassed and assaulted at his job. He seeks leave to proceed in forma pauperis. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Zloza's complaint must be dismissed, but I will give him an opportunity to file an amended complaint that fixes the problems identified in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

In August 2021, Zloza was working for Carl A. Nelson and Company in Indiana. Avery, a rigger, began "harassing" Zloza "to join the military." Dkt. 1 at 4. Zloza said no but "had to yell to get it to stop." *Id.* The company then moved Zloza to the Hormel plant in Beloit, Wisconsin, where a CEO or foreman named Tim or Jim chased Zloza and punched him in the arm. The following week, he slapped Zloza. When Zloza warned Tim or Jim that there were cameras and that Zloza would turn him in, he "stormed off the job" and told Zloza the next day that if anyone found out about the incidents, there was "a 45 in his truck." *Id.*

ANALYSIS

Zloza indicates that he is suing defendant under state law. Federal courts can exercise jurisdiction over questions of federal law. 28 U.S.C. § 1331. Federal courts can also exercise jurisdiction over state-law claims when they are related to the plaintiff's federal law claims, 28 U.S.C. § 1367, or when the plaintiff and the defendant are citizens of different states, and the amount of money at stake in the case is over $75,000. 28 U.S.C. § 1332. Zloza seeks damages in excess of that amount, and I will infer at this stage from the parties' addresses that Zloza is a Wisconsin citizen and defendant is headquartered in Iowa.

Zloza does not specify any legal theories or refer to any state or federal laws, but his allegations suggest he is concerned about of a hostile work environment. Zloza says he wants "prosecution" and for the defendant business to be shut down. *Id.* at 5. The court

cannot order a business to close, and as a private citizen, Zloza is not entitled to an order requiring the criminal arrest or prosecution of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Zloza also seeks damages, but his allegations are insufficient to state a claim against his employer. There are several different federal and state laws that may be relevant here that prohibit discrimination and harassment that is based on a person's protected class status. *E.g.*, Wis. Stat. §§ 11.31–.395 (Wisconsin Fair Employment Act); Ind. Code § 22-9 et seq. (Indiana Civil Rights); 42 U.S.C. §§ 2000e–2000e17 (Title VII of the Civil Rights Act of 1964); 29 U.S.C. §§ 621–643 (Age Discrimination in Employment Act); 42 U.S.C. §§ 12101–12213 (Americans with Disabilities Act). But Zloza's allegations do not suggest that he was harassed based on any protected class status.

Regardless, Zloza cannot proceed on a claim under the Wisconsin Fair Employment Act (WFEA) in this court. The Wisconsin Department of Workforce Development's Equal Rights Division receives, investigates, and holds hearings on complaints charging violations of the WFEA. Wis. Stat. § 111.39. Zloza brings claims based on events occurring in 2021, but "a private right of action under the WFEA [only] existed in [a] limited window between 2009 and 2012." *Sharp v. Stoughton Trailers, LLC*, No. 15-cv-598-jdp, 2016 WL 3102241, at *2 (W.D. Wis. June 2, 2016); *see Ward v. Diacker*, No. 20-cv-993-jdp, 2021 WL 51534, at *1 (W.D. Wis. Jan. 6, 2021) (same).

I will dismiss Zloza's complaint because it does not state a claim upon which relief can be granted. Because it may still be possible for him to state a claim, I will allow him an opportunity to file an amended complaint that addresses the problems I have described in this order. In drafting his amended complaint, Zloza should again use the court's nonprisoner complaint form, which I will send him with this order. He should also name every individual and entity he wants to sue in the caption and explain who they are and how he believes they each violated his rights. I note for Zloza's benefit that he is required to exhaust his administrative remedies before suing his employer under certain federal statutes in this court. *See, e.g.*, *Haynes v. Indiana Univ.*, 902 F.3d 724, 730 (7th Cir. 2018) (A Title VII plaintiff must first file a complaint with the Equal Employment Opportunity Commission within the statutorily-defined period); *Tyburski v. City of Chicago*, 964 F.3d 590, 601 (7th Cir. 2020) (Age Discrimination in Employment Act); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) (Americans with Disabilities Act). If Zloza does not file an amended complaint by the deadline indicated below, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief can be granted.

2. Plaintiff may have until **March 15, 2023**, to file an amended complaint that corrects the deficiencies described in this order.

3. Plaintiff must file his second amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4. The amended complaint will act as a complete substitute for the complaint. The case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered February 22, 2023.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge